■ CLIFFORD DASSLER et al., Respondents, v JEAN JACOPINO, Appellant, et al., Defendants. [679 NYS2d 677] —In an action to recover damages for personal injuries, the defendant Jean Jacopino appeals from (1) an order of the Supreme Court, Westchester County (Scarpino, J.), entered September 30, 1996, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiffs' decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an amended order of the same court, entered October 17, 1996, which upon making a typographical correction to the order entered September 30, 1996, denied her motion for summary judgment to dismiss the complaint insofar as asserted against her.

Ordered that the appeal from the order entered September 30, 1996, is dismissed as that order was superseded by the order entered October 17, 1996; and it is further,

Ordered that the order entered October 17, 1996, is reversed, on the law, the motion is granted, the order entered September 30, 1996, is vacated, the complaint is dismissed insofar as asserted against the defendant Jean Jacopino and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant met her initial burden of establishing that the plaintiffs' decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. It was therefore incumbent upon the plaintiffs to come forward with sufficient evidence to raise an issue of fact (see, Gaddy v Eyler, 79 NY2d 955, 956-957). The plaintiffs failed to do so, and thus, summary judgment is granted to the appellant (see, Licari v Elliott, 57 NY2d 230). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.