■ JOSEPH J. BENANTI, Respondent, et al., Plaintiff, v BAY RIDGE LINCOLN MERCURY, INC., Appellant, et al., Defendant. [680 NYS2d 636] —In an action to recover damages for personal injuries, the defendant Bay Ridge Lincoln Mercury, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garson, J.), dated January 28, 1998, as denied that branch of its motion which was for summary judgment dismissing the causes of action asserted against it by Joseph J. Benanti, on the ground that he had not sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the causes of action asserted against the appellant by Joseph J. Benanti is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The Supreme Court improperly denied that branch of the appellant's motion which was for summary judgment dismissing the causes of action asserted against it by the plaintiff Joseph J. Benanti (hereinafter the plaintiff). The appellant established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957), thereby shifting the burden to the plaintiff to raise a triable question of fact on that issue (*see, Licari v Elliott,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017). The plaintiff failed to meet that burden.

The unsworn progress report of the plaintiff's chiropractor may not be considered, as it was not submitted in admissible form (*see, Grasso v Angerami,* 79 NY2d 813, 814). Additionally, the plaintiff's affidavit, which contradicted his deposition

testimony, consisted of merely "conclusory assertions tailored to meet the statutory requirements" (*Lopez v Senatore,* 65 NY2d 1017, 1019, *supra*) and was insufficient to raise a triable issue of fact. Ritter, J. P., Copertino, Santucci and Altman, JJ., concur.