■ NYNFA ROSSI, Respondent, v CHARLES GAMPER, Appellant. [731 NYS2d 647] —In an action to recover damages for

personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated May 29, 2001, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant established a prima facie case that the plaintiff's injuries were not serious within the meaning of Insurance Law § 5102 (d) through the affirmed reports of an orthopedist and a neurologist, both of whom examined her and concluded that she had not sustained a disability that was causally related to the accident (see, Gaddy v Eyler, 79 NY2d 955, 956-957).

The only competent medical evidence which the plaintiff submitted in opposition to the motion, an affidavit sworn to by the plaintiff's treating chiropractor failed to raise a triable issue of fact (see, CPLR 3212 [b]). Notably, the affidavit failed to specify the objective tests he performed in arriving at his conclusions regarding alleged restrictions in the plaintiff's range of motion (see, Grossman v Wright, 268 AD2d 79). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.