■ NICOLE LAUFER, Appellant, v ABRAHAM HEN, Respondent, et al., Defendant. (Action No. 1.) JOSHUA WEISS, Respondent, v NOEL VLADIMIR, Defendant, and BARRY HEN et al., Appellants. (Action No. 2.) [760 NYS2d 867] —In related actions to recover damages for personal injuries, Barry Hen and Abraham Hen, defendants in Action No. 2, appeal from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 31, 2002, as denied that branch of their motion which was for summary judgment dismissing the complaint in Action No. 2 on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff in Action No. 1 separately appeals from stated portions of the same order.

Ordered that the appeal by the plaintiff in Action No. 1 is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Barry Hen and Abraham Hen, defendants in Action No. 2, without costs or disbursements.

The appellants in Action No. 2 established their prima facie entitlement to summary judgment by submitting an affirmation of their examining physician, which indicated that the plaintiff in Action No. 2, Joshua Weiss, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kallicharan v Sooknanan,* 282 AD2d 573, 574 [2001]; *Santoro v Daniel,* 276 AD2d 478 [2000]). Thus, it was incumbent on Weiss to come forward with admissible evidence to raise a triable issue of fact (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). Weiss met his burden of demonstrating a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car*

*Sys.*, 98 NY2d 345 [2002]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.