In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated October 15, 2002, as, upon renewal, adhered to its prior determination granting the defendants’ motion for summary judgment dismissing the complaint in an order of the same court dated June 26, 2002.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the motion for summary judgment is denied, the complaint is reinstated, and the order dated June 26, 2002, is vacated.
The defendants made out a prima facie case for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955 [1992]). Upon renewal, the plaintiff submitted his treating physician’s affidavit, which compared the plaintiffs limitations in his neck and back to the normal function. These findings were supported by, inter alia, objective medical evidence of a cervical disc herniation and a lumbosacral disc bulge. The treating physician opined that the plaintiffs injuries were causally related to the subject accident, and were permanent. This evi *427 dence was sufficient to raise a triable issue of fact (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Jacobowitz v Roventini, 302 AD2d 432 [2003]). Ritter, J.E, McGinity, Townes and Cozier, JJ., concur.