■ JAMES BRAVO, Appellant, and MARIA TERESA ALINEA-BRAVO, Plaintiff, v MIKHAIL UVAYDOV et al., Respondents. [781 NYS2d 787]—

In an action to recover damages for personal injuries, etc., the plaintiff James Bravo appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated May 16, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied as academic the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the appeal from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Maria Teresa Alinea-Bravo and as denied as academic that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of the plaintiff Maria Teresa Alinea-Bravo is dismissed, as the plaintiff James Bravo is not aggrieved by those portions of the order; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff James Bravo is denied, the complaint is reinstated insofar as asserted by the plaintiff James Bravo, and the matter is remitted to the Supreme Court, Queens County, for a determination of that branch of the cross motion which was for summary judgment on the issue of liability in favor of the plaintiff James Bravo; and it is further,

Ordered that one bill of costs is awarded to the plaintiff James Bravo.

The defendants made a prima facie showing that the plaintiff James Bravo (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). However, contrary to the determination of the Supreme Court, the affirmation of the injured plaintiff's treating physician, submitted in opposition to the defendants' motion for summary judgment, was sufficient to raise a triable issue of fact. The injured plaintiff's physician set forth the range

of motion tests that he utilized, quantified the results of those tests, and concluded that the injured plaintiff sustained a significant consequential loss and limitation of motion in the cervical and lumbar spines. In addition, the physician's findings of decreased sensation over the right L4 and L5 dermatomes were corroborated by the findings of the defendants' neurologist.

Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Moreover, in light of the foregoing, we remit the matter to the Supreme Court, Queens County, for a determination of that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability in favor of the injured plaintiff.

We note that although the appellant's brief purports to also be on behalf of the plaintiff Maria Teresa Alinea-Bravo, no notice of appeal was filed by that plaintiff. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.