■ Isa Waxman et al., Appellants, v Village of Lake Success et al., Respondents. [995 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered August 30, 2013, which granted the motion of the defendants Village of Lake Success and T.J. Fernandez and the separate motion of the defendant John Haight for summary judgment dismissing the complaint insofar

as asserted by the plaintiff Isa Waxman against each of them on the ground that the plaintiff Isa Waxman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs to the plaintiffs payable by the defendants appearing separately and filing separate briefs, and the motion of the defendants Village of Lake Success and T.J. Fernandez and the separate motion of the defendant John Haight for summary judgment dismissing the complaint insofar as asserted by the plaintiff Isa Waxman against each of them are denied.

In support of their respective motions for summary judgment dismissing the complaint insofar as asserted by the plaintiff Isa Waxman against them, the defendants failed to meet their respective prima facie burdens of showing that the plaintiff Isa Waxman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Isa Waxman's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their respective prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see id.*). Therefore, the Supreme Court should have denied the motions. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.