■ BASIL CLARKE et al., Appellants, v FIRST STUDENT, INC., et al., Respondents. [996 NYS2d 183]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an

order of the Supreme Court, Nassau County (Palmieri, J.), entered January 24, 2014, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Basil Clarke did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Basil Clarke did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiffs' claims, set forth in the bill of particulars, that Basil Clarke sustained serious injuries to the cervical and lumbar regions of his spine and to his right shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]), and a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see id.*).

Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.