■ KARIMA CARTER et al., Appellant, v ISSACHAR Z. ADAMS, Respondent. [999 NYS2d 869]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dufficy, J.), dated September 9, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet his prima facie burden of showing that the plaintiff Joseph Bryan did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address Bryan's claims, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v

*Kossoff*, 90 AD3d 969 [2011]). Since the defendant did not sustain his prima facie burden with respect to Bryan, it is unnecessary to determine whether the papers submitted by Bryan in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

The defendant did meet his prima facie burden of showing that the plaintiff Karima Carter did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Carter's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, Carter raised triable issues of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.