■ Fu Yan Wang et al., Appellants, v Manuel R. Uruchima, Respondent. [3 NYS3d 395]—

In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Butler, J.), entered October 25, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that they did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) a judgment of the same court entered December 24, 2013, which, upon the order, is in favor of the defendant and against them, dismissing the complaint.

Motion by the respondent to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated with the entry of the judgment. By decision and order on motion of this Court dated June 12, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion to dismiss the appeal from the order is granted; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant failed to meet his prima facie burden of showing that the plaintiff Fu Yan Wang did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address Fu Yan Wang's claim, set forth in the bill of particulars, that she sustained a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua,* 59 AD3d 614 [2009]).

The defendant further failed to meet his prima facie burden of showing that the plaintiff Yi Xu did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address Yi Xu's claim, set forth in the bill of particulars, that he sustained a serious injury to the lumbar region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua,* 59 AD3d 614 [2009]).

Since the defendant did not sustain his prima facie burden as to either plaintiff, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff,* 90 AD3d 969 [2011]).

Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.