■ ALVEENA BESS, Appellant, v JAMES D. BRUNO et al., Respondents. [6 NYS3d 587]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered April 22, 2014, which granted the motion of the defendant James D. Bruno and the separate motion of the defendants Devendra Hulasie and Moonsammy Munasami for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motion of the defendant James D. Bruno and the separate motion of the defendants Devendra Hulasie and Moonsammy Munasami for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff,* 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*). Therefore, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted each of them. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.