■ Jose Canales-Ruiz et al., Appellants, v Jairo Velasquez et al., Respondents. [8 NYS3d 396]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 17, 2014, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose Canales-Ruiz on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Maria Bonilla is dismissed, as she is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed on the appeal by the plaintiff Jose Canales-Ruiz, on the law, with costs to that plaintiff, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Jose Canales-Ruiz is denied.

The defendants established, prima facie, that the plaintiff Jose Canales-Ruiz did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence demonstrating that the alleged injury to the cervical region of Canales-Ruiz's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, Canales-Ruiz raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Canales-Ruiz. Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.