■ Sharion L. Scott et al., Appellants, v Krystal A. Incigeri, Respondent. [8 NYS3d 580]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), entered December 2, 2013, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Sharion L. Scott did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet her prima facie burden of showing that the plaintiff Sharion L. Scott did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address Scott's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see id.*). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Duffy and Barros, JJ., concur.