■ VENSON BRITS, Appellant, v GONZALO FLORES et al., Respondents. [12 NYS3d 567]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughn, J.), dated June 11, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claims, set forth in the bills of particulars, that he sustained serious injuries to the cervical and lumbar regions of his spine and to his right knee under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]), and that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see id.). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Roman, Sgroi and Hinds-Radix, JJ., concur.