■ JEAN REYNOLD EMMANUEL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [20 NYS3d 909]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 10, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.