■ David Nussbaum, Respondent, v Ahmed Ferdos Bablu et al., Appellants, et al., Defendant. [27 NYS3d 886]—

In an action, inter alia, to recover damages for personal injuries, the defendants Ahmed Ferdos Bablu and Vddin Kamal appeal from an order of the Supreme Court, Kings County (Rivera, J.), dated January 7, 2015, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that order is affirmed, with costs.

The defendants Ahmed Ferdos Bablu and Vddin Kamal (hereinafter together the moving defendants) met their prima facie burden of showing that the plaintiff did not sustain a

serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine as a result of the subject accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Accordingly, the Supreme Court properly denied the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.