ALEXANDER KHARTCHINA, Plaintiff, and MYKHAYLO KHARTCHINA, Appellant, v CHARLES ROTHMAN et al., Respondents. [29 NYS3d 813]—

In an action to recover damages for personal injuries, the plaintiff Mykhaylo Khartchina appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered July 22, 2014, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Mykhaylo Khartchina is denied.

The defendants met their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent evidence establishing, prima facie, that the alleged injury to the cervical region of the appellant's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the appellant raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.