OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was involved in a motor vehicle accident in June 1987 when, while stopped for a red light, her vehicle was struck from behind. She instituted this action to recover damages for the resulting personal injuries.
After issue was joined, defendant moved for summary judgment contending there was no "serious injury” within the meaning of Insurance Law § 5102 (d). He established a prima facie case that plaintiffs injuries were not serious through the affidavit of a physician who examined her and concluded that *957 she had a normal neurological examination. The burden then shifted to plaintiff to come forward with sufficient evidence to overcome defendant’s motion by demonstrating that she sustained a serious injury within the meaning of the No-Fault Insurance Law (see, Licari v Elliott, 57 NY2d 230, 235; Lopez v Senatore, 65 NY2d 1017). We agree with the Appellate Division that, accepting her allegations and those of her doctors as true, she has failed to do so and thus has not met the statutory threshold for maintaining this action.
Plaintiff claims that she suffered a serious injury because she sustained neck and back injuries which resulted in (1) "permanent consequential limitation of use” or "significant limitation of use,” (2) "permanent loss of use of a body organ, member, function or system,” and (3) "a medically determined injury or impairment of a non-permanent nature” which endured for 90 days or more and substantially limited the performance of her daily activities (see, Insurance Law § 5102 [d]). In support of her claim, she offered the affidavits and medical reports of her treating physician and a neurosurgeon, both of whom concluded that plaintiff sustained a chronic cervical and lumbosacral sprain and strain as a result of the accident.
Plaintiff’s proffered evidence, however, fails to demonstrate a "permanent consequential limitation of use of a body organ or member,” or a "significant limitation of use of a body function or system”. Even fully crediting their affidavits, her own doctors concluded that she had only a minor limitation of movement in her neck and back. We have previously held that a "minor, mild or slight limitation of use [is] classified as insignificant within the meaning of the [no-fault] statute” (Licari v Elliott, 57 NY2d 230, 236, supra; Scheer v Koubek, 70 NY2d 678).
For similar reasons we conclude that plaintiff has failed to substantiate her claim that she sustained a "permanent loss of use of a body organ, member, function or system” because of pain she experiences from movement of her neck or back, which she contends is aggravated by bending or heavy lifting. Although there is evidence of plaintiff’s subjective pain, there is no evidence supporting plaintiff’s claim of permanency (see, Scheer v Koubek, 70 NY2d 678, 679, supra). In his medical report, plaintiff’s neurosurgeon stated that he "imagined” that plaintiff would be unable to engage in significant bending and heavy lifting on a permanent basis, and that he "wouldn’t be surprised” if she had more significant neurological findings in *958 the future, but was unable to diagnosis a specific injury suggestive of continuing intermittent pain or permanent loss of use. Indeed, the expert’s statements reflect the speculative nature of plaintiff’s condition (see, Scheer v Koubek, supra, at 679). Moreover, the mere repetition of the word "permanent” in the affidavit of plaintiff’s treating physician — prepared two years after his last examination and consisting of conclusory assertions tailored to meet the statutory requirements — is insufficient to establish "serious injury” (see, Lopez v Senatore, 65 NY2d 1017, 1019).
Lastly, plaintiff claims that she suffered an injury which prevented her from performing substantially all of her daily activities for a period of 90 days out of the 180 days after the accident. In order to prove "serious injury” under the 90-out-of-180-day rule, plaintiff must prove that she was "curtailed from performing [her] usual activities to a great extent rather than some slight curtailment” (Licari v Elliott, supra, at 236). Here, as in Licari, plaintiff’s usual activities were impeded slightly. She missed two working days as a result of the accident, and upon returning to work was able to maintain most of her daily routine as senior stenographer. She contends that her household and recreational activities were curtailed as a result of the accident, but has submitted no evidence to support that contention. Plaintiff has therefore failed to establish that her injury caused a 90-out-of-180-day curtailment of substantially all her normal activities.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.