■ ROBERT BURNS, Respondent, v CELESTINO A. JAPNGIE, Appellant. (Action No. 1.) ROLAND KOLILIAS, Respondent, v ROBERT BURNS, Defendant, and CELESTINO A. JAPNGIE, Appellant. (Action No. 2.) [716 NYS2d 901] —In two related actions to recover damages for personal injuries, Celestino A. Japngie, a defendant in both actions, appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated November 19, 1999, as denied his motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against him, on the ground that the plaintiff in that action, Roland Kolilias, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from an order of the same court dated January 21, 2000, which denied his motion for summary judgment dismissing the complaint in Action No. 1 on the ground that the plaintiff in that action, Robert Burns, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated November 19, 1999, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 21, 2000, is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint in Action No. 1 is dismissed.

The appellant established a prima facie case that the injuries of the plaintiff in Action No. 1, Robert Burns, were not serious within the meaning of Insurance Law § 5102 (d), through the affirmed report prepared by a neurologist who examined Burns and concluded that he "was perfectly normal on neurological examination" (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The medical evidence submitted by Burns in opposition to the motion was not competent (*see, Feintuch v Grella,* 209 AD2d 377) and, thus, did not raise a triable issue of fact (*see,* CPLR 3212 [b]).

The appellant also established a prima facie case that the injuries of the plaintiff in Action No. 2, Roland Kolilias, were not serious within the meaning of Insurance Law § 5102 (d). We agree, however, with the Supreme Court that the affidavit of Dr. Christopher Kyriakides raised a triable issue of fact as to whether Kolilias sustained a serious injury (*see,* CPLR 3212 [b]; *Puma v Player,* 233 AD2d 308). Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.