■ GLENN DRAPER, Respondent, v LOUIS IUNI, Appellant. [774 NYS2d 793]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 6, 2003, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff was entitled to summary judgment on the issue of liability as a matter of law. Krausman, J.P., Luciano, Adams and Cozier, JJ., concur.

■ JEFFREY FRANKEL, Appellant, v PENNY WICKMAN, Respondent. [774 NYS2d 793]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated February 20, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affidavit of the plaintiff's chiropractor submitted in opposition to the defendant's motion failed to account for the plaintiff's injuries caused by a second automobile accident that had occurred between the time of the subject accident and the date of the examination by the chiropractor, or, for that matter, caused by a 1996 rear-end collision in which he was injured, and failed to account for the rest of the plaintiff's rather significant medical history. Accordingly, the affidavit was inadequate to raise a triable issue of fact, and the Supreme Court properly granted the defendant's motion for summary judgment. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.