■ GONCHA MUZASHVILI, Appellant, v SOLIS F. VICENTE et al., Respondents. [873 NYS2d 649]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated August 20, 2007, which granted that branch of the motion of the defendant Alla Kats-Kagan which was for summary judgment dismissing the complaint insofar as asserted against her on the grounds of no liability and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the separate motion of the defendants Solis F. Vicente and Oliva Garcia which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact (*see McRae v Alauddin*, 51 AD3d 987 [2008]). Accordingly, the Supreme Court properly granted that branch of the motion of the defendant Kats-Kagan which was for summary judgment dismissing the complaint insofar as asserted against her, and the separate motion of the defendants Vicente and Garcia, which was for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

In light of our determination, we need not address the plaintiff's contention that the defendant Kats-Kagan should not have been awarded summary judgment on the additional ground that she was not liable, as a matter of law, for the happening of the subject accident. Fisher, J.P., Miller, Carni and Balkin, JJ., concur. [*See* 16 Misc 3d 1140(A), 2007 NY Slip Op 51769(U).]