In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), dated February 27, 2012, which granted the motion of the defendants Jagprit Singh and Norma Taxi Corp., the cross motion of the defendants Z&N Taxi, Inc., and Bashir M. Betker, the separate cross motion of the defendants Gladiator Trucking Corp., Warrior Corporation, Voyager Trucking Corporation, and Patrick F. Collison, and the separate cross motion of the defendant Raymond R. Gregory for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion and the cross motions are denied.
The respondents met their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The *634 respondents submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the respondents’ motion and cross motions for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.E, Balkin, Austin and Miller, JJ., concur.