In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 29, 2012, as granted the motion of the defendants James E Lavelle and Kelly A. Lavelle for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and granted that branch of the cross motion of the defendant Ruth A. Messina which was for the same relief as to her.
Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendants James E Lavelle and Kelly A. Lavelle for summary judgment dismissing the complaint insofar as asserted against them and that branch of *911 the cross motion of the defendant Ruth A. Messina which was for the same relief as to her are denied, with one bill of costs payable by the defendants appearing separately and filing separate briefs.
The defendants James E Lavelle and Kelly A. Lavelle, and the defendant Ruth A. Messing, moving separately but relying on the same evidence and arguments, met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff’s right shoulder and to the cervical and lumbar regions of the plaintiffs spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).
In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to his right shoulder and to the cervical and lumbar regions of his spine (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Therefore, the Supreme Court should have denied the motion and that branch of the cross motion which was for summary judgment dismissing the complaint. Skelos, J.E, Dickerson, Lott and Austin, JJ., concur.