In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 14, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) an order of the same court dated December 20, 2012, which denied that branch of his motion which was for leave to reargue his opposition to the motion for summary judgment, and, in effect, denied that branch of his motion which was for leave to renew his opposition to the motion for summary judgment.
Ordered that the appeal from so much of the order dated December 20, 2012, as denied that branch of the plaintiffs motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the appeal from so much of the order dated December 20, 2012, as, in effect, denied that branch of the plaintiffs motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order dated May 14, 2012; and it is further,
Ordered that the order dated May 14, 2012, is reversed, on the law, and the defendants’ motion for summary judgment dismissing the complaint is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiffs claim, set forth in the bill of particulars, that he *657 sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see id.). Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment. Dillon, J.E, Leventhal, Chambers and LaSalle, JJ., concur.