■ GJON BERISHA, Respondent, v YILI LIU et al., Appellants. [983 NYS2d 864]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Queens County (Butler, J.), dated October 25, 2013, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained serious injuries to the cervical and thoracic regions of his spine (*cf. Staff v Yshua*, 59 AD3d 614 [2009]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury as a result of the subject accident. Dillon, J.P., Leventhal, Chambers and LaSalle, JJ., concur.