■ CARLOS LUNA et al., Appellants, v JANE ROMANOWSKI et al., Respondents. [997 NYS2d 323]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated April 1, 2014, as granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carlos Luna on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the appeal by the plaintiff Vilma Moran is

dismissed, as she is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Carlos Luna, on the law, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carlos Luna is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Carlos Luna.

The defendants failed to meet their prima facie burden of showing that the plaintiff Carlos Luna did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Luna's claims, set forth in the bill of particulars, that he sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see generally Staff v Yshua, 59 AD3d 614 [2009]), and that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Luna in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Luna. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.