■ MYOUNG HEE YI, Appellant, v JOHN COMFORT, JR., Respondent. [998 NYS2d 918]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (McCormack, J.), dated January 9, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her right shoulder (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Hall, Roman, Cohen and Barros, JJ., concur.