■ DARSHAN SINGH et al., Appellants, v VINCENT P. SURICO, Respondent. [3 NYS3d 369]—

In an action to recover damages for personal injuries, the

plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated November 26, 2013, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Darshan Singh and Daljit K. Gill on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and granted the cross motion of the plaintiff Darshan Singh for summary judgment dismissing the defendant's counterclaim against him.

Ordered that the appeal by the plaintiff Virapl Kaur is dismissed, as that plaintiff is not aggrieved by the order appealed from; and it is further,

Ordered that the appeal by the plaintiffs Darshan Singh and Daljit K. Gill from so much of the order as granted the cross motion of the plaintiff Darshan Singh for summary judgment dismissing the defendant's counterclaim against him is dismissed, as those plaintiffs are not aggrieved by that portion of the order; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Darshan Singh and Daljit K. Gill on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs Darshan Singh and Daljit K. Gill.

The defendant met his prima facie burden of showing that the plaintiffs Darshan Singh and Dalit K. Gill did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the spine of each of these plaintiffs did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, Singh and Gill each raised triable issues of fact as to whether they sustained serious injuries to the cervical and lumbar regions of the spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Singh and Gill. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.