■ Young W. Kim, Respondent, v Myung Sook Ahn, Appellant. [8 NYS3d 913]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Kamins, J.), dated October 16, 2014, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendant established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Roman, Sgroi and Hinds-Radix, JJ., concur.