■ ROBERT WELLS, Respondent, v GALLAY JALLOH et al., Appellants, et al., Defendants. [10 NYS3d 876]—In an action to recover damages for personal injuries, the defendants Gallay Jalloh and Tamagally & Brothers Limo, Inc., appeal from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 30, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the appellants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the appellants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

Therefore, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Dickerson, Hall and Maltese, JJ., concur.