■ SIMON LEONG, Appellant, et al., Plaintiff, v OTTO DEFURIA, JR., Respondent. [28 NYS3d 621]—

In an action to recover damages for personal injuries, the plaintiff Simon Leong appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 7, 2015, which granted the defendant's motion for summary judgment dismiss-

ing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Simon Leong is denied.

The defendant met his prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent evidence establishing, prima facie, that the alleged injury to the cervical region of the appellant's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the appellant raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by him. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.