■ HYUN HEE JUNG, Appellant, v ABDUL MOTALEB et al., Respondents. [33 NYS3d 763]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered May 15, 2015, which granted the motion of the defendants Binghsiang Chang and Jacob You Yang and the separate motion of the defendant Abdul Motaleb for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for

summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her left shoulder (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.