■ LISA MUECKENHEIM, Appellant, v ELDRON SMITH et al., Respondents. [39 NYS3d 511]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated September 12, 2014, as granted the motion of the defendants Carlos A. DeSilva and Bullville Logistics Corp. for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendants Eldron Smith and JTR Transportation Corp. which was for summary judgment dismissing the complaint

insofar as asserted against them, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendants Carlos A. DeSilva and Bullville Logistics Corp. for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendants Eldron Smith and JTR Transportation Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied, and the matter is remitted to the Supreme Court, Dutchess County, for a determination on the merits of that branch of the motion of the defendants Eldron Smith and JTR Transportation Corp. which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not liable for the plaintiff's injuries.

The Supreme Court should have denied the motion of the defendants Carlos A. DeSilva and Bullville Logistics Corp. for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendants Eldron Smith and JTR Transportation Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, made on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The two groups of defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claims, set forth in the bill of particulars, that she sustained serious injuries to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua*, 59 AD3d 614 [2009]), and that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burdens, it is unnecessary to determine whether the papers

submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since that branch of the motion of the defendants Eldron Smith and JTR Transportation Corp. which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not liable for the plaintiff's injuries was denied as academic in the order appealed from, we remit the matter to the Supreme Court, Dutchess County, for a determination on the merits of that branch of the motion. Eng, P.J., Balkin, Hall and Barros, JJ., concur.