■ KWANG SUK BACK, Appellant, v ELIZABETH FINEGAN et al., Respondents, et al., Defendants. [57 NYS3d 526]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Livote, J.), entered February 9, 2016, as, upon an order of the same court dated January 4, 2016, granting that branch of the motion of the defendants Elizabeth Finegan and Kathryn Finegan which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Elizabeth Finegan and Kathryn Finegan which was for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated insofar as asserted against those defendants, and the order dated January 4, 2016, is modified accordingly.

The defendants Elizabeth Finegan and Kathryn Finegan (hereinafter together the Finegans) met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The Finegans submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's spine and left shoulder did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his spine and left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Accordingly, the Supreme Court should have denied that branch of the Finegans' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.