■ · Apphia Thomas, Appellant, v Robert Pascal et al., Respondents. [64 NYS3d 897]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Modica, J.), entered March 9, 2016, which granted the motion of the defendants Robert Pascal and Medegine St. Fort Colin for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and, in effect, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the nonmoving defendant, Glen K. Rambharack.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motion of the defendants Robert Pascal and Medegine St. Fort Colin for summary judgment dismissing the complaint insofar as asserted against them is denied.

The moving defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance

Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d).

Accordingly, the Supreme Court should have denied the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and should not have, in effect, upon searching the record, awarded summary judgment dismissing the complaint insofar as asserted against the nonmoving defendant. Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.