Burks v Godino (2018 NY Slip Op 04303)





Burks v Godino


2018 NY Slip Op 04303


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-05283
 (Index No. 23649/10)

[*1]Shedia Burks, appellant,
v Brian Godino, respondent.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Richard T. Lau, Jericho, NY (Linda Meisler of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (David B. Vaughan, J.), entered May 5, 2016. The judgment, upon an order of the same court dated April 13, 2016, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
This action arises from a motor vehicle accident that occurred on January 12, 2009, at or near the intersection of Hegeman Avenue and Shepard Avenue in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendant's motion and entered a judgment dismissing the complaint. The plaintiff appeals from the judgment, and we reverse.
The defendant met his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint.
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court