Walcott v Smilchensky (2018 NY Slip Op 06962)





Walcott v Smilchensky


2018 NY Slip Op 06962


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-01711
 (Index No. 20516/13)

[*1]Andrew W. Walcott, appellant,
v Benzion Smilchensky, respondent (and a third-party action).


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Richard T. Lau, Jericho, NY (Kathleen E. Fioretti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 24, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on July 11, 2011. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals from so much of the order as granted that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied that branch of the defendant's [*2]motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for personal injuries.
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court