Moore v Burns (2018 NY Slip Op 07115)





Moore v Burns


2018 NY Slip Op 07115


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-08424
2017-01261
 (Index No. 61829/13)

[*1]Graceann Moore, appellant, 
v
Robert Burns, respondent.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
Frank J. Laurino, Bethpage, NY (Barbara-Ann Anzelmo and Donald Malone of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated July 22, 2016, and (2) an order of the same court dated January 17, 2017. The order dated July 22, 2016, granted the defendant's motion for summary judgment dismissing the complaint. The order dated January 17, 2017, denied the plaintiff's motion for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the orders are affirmed, with one bill of costs.
On February 16, 2012, the plaintiff and the defendant were involved in a motor vehicle accident in Babylon. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her as a result of the accident. In her bill of particulars, the plaintiff alleged injuries to the cervical and lumbar regions of her spine.
The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support, the defendant submitted the affirmed report of an orthopedic surgeon who measured the range of motion of the cervical and lumbar regions of the plaintiff's spine on December 1, 2014, and found the results to be normal. In opposition, the plaintiff submitted her own affidavit in which she stated that she had undergone lower back surgery several months before the accident, and the accident aggravated her preexisting back injury. In an order dated July 22, 2016, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
In August 2016, the plaintiff moved for leave to renew her opposition to the defendant's motion for summary judgment. In support, the plaintiff submitted the affirmation and operative report of her treating physician, who stated that he performed a second surgery on the plaintiff's lumbar spine on January 8, 2016. In an order dated January 17, 2017, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Perl v Meher, 18 NY3d 208, 215-218). The plaintiff's remaining contentions regarding the defendant's motion for summary judgment are without merit. Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
We also agree with the Supreme Court's determination to deny the plaintiff's motion for leave to renew. The evidence submitted by the plaintiff in support of her motion for renewal would not have changed the court's prior determination, and the plaintiff failed to offer a reasonable justification for failing to present the evidence on the prior motion (see CPLR 2221[e]; see generally Perl v Meher, 18 NY3d at 215-218).
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court