Kholdarov v Hyman (2018 NY Slip Op 07111)





Kholdarov v Hyman


2018 NY Slip Op 07111


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07412
 (Index No. 22033/11)

[*1]Roshel T. Kholdarov, appellant,
v
Jivon W. Hyman, respondent.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Richard T. Lau, Jericho, NY (Gene W. Wiggins of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated June 1, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On September 17, 2009, the plaintiff and the defendant were involved in a motor vehicle collision in Queens. The plaintiff commenced this action, alleging in his bill of particulars that he sustained a serious injury to the cervical region of his spine. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support, he submitted the affirmed report of an orthopedic surgeon who examined the plaintiff on June 1, 2015. The defendant's orthopedic surgeon measured the range of motion of the cervical region of the plaintiff's spine and compared those results to what would be considered normal range of motion. He found the results to be normal.
In opposition, the plaintiff submitted the affirmed report of a neurologist who examined the plaintiff on March 16, 2016. The neurologist measured the range of motion of the cervical region of the plaintiff's spine and compared his results to what would be considered normal range of motion. The neurologist found a 20 percent deficit in the flexion of the plaintiff's cervical spine, but otherwise found the results to be normal.
In an order dated June 1, 2016, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
We disagree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint. The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § [*2]5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the cervical region of his spine (see Perl v Meher, 18 NY3d 208, 215-218). Therefore, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court