Gordon v Valencia (2024 NY Slip Op 05587)

Gordon v Valencia

2024 NY Slip Op 05587

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-07099
 (Index No. 701792/19)

[*1]Christina Gordon, et al., plaintiffs, Amanda Perez De Corcho, appellant,
v
Euclides Valencia, defendant, Robert Deforest, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Amanda Perez De Corcho appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), dated May 18, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Robert Deforest and Devin J. Deforest which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Amanda Perez De Corcho on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Amanda Perez De Corcho (hereinafter the plaintiff), among others, commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants Robert Deforest and Devin J. Deforest (hereinafter together the defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 18, 2023, the Supreme Court, among other things, granted that branch of the motion.
The Supreme Court properly determined that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Contrary to the plaintiff's contention, the defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
On appeal, the plaintiff does not challenge the Supreme Court's determination that [*2]her opposition papers failed to raise a triable issue of fact to defeat summary judgment.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court