Farris v Caygan (2025 NY Slip Op 00429)

Farris v Caygan

2025 NY Slip Op 00429

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-06719
 (Index No. 512208/18)

[*1]Connie Farris, appellant, 
v
Ibrahim Caygan, respondent, et al., defendant.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Cedarhurst, NY [Daniel P. Rifkin], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated May 12, 2023. The order, insofar as appealed from, granted the motion of the defendant Ibrahim Caygan for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Ibrahim Caygan for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff, a pedestrian, was struck by a motor vehicle owned and operated by the defendant Ibrahim Caygan (hereinafter the defendant) and commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 12, 2023, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar and cervical regions of the plaintiff's spine and her left hip did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Allen v Dolores, 209 AD3d 618, 619; Hopper v Burgos, 174 AD3d 865, 865). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to those regions of her spine and her left hip under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218; Rodriguez v Frederick, 206 AD3d 774, 775). Moreover, the plaintiff provided a reasonable explanation for any alleged gap in treatment (see [*2]Pommells v Perez, 4 NY3d 566, 572).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court