In an action to recover damages for personal injuries, the plaintiff Hyo Eun Kwak appeals from a judgment of the Supreme Court, Queens County (Lane, J.), entered April 25, 2016, which, upon an order of the same court entered December 18, 2015, granting the defendants’ motion for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of the defendants and against her dismissing the complaint insofar as asserted by her.
 

 Ordered that the judgment is reversed, on the law, with costs, the defendants’ motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Hyo Eun Kwak is denied, the complaint insofar as asserted by the plaintiff Hyo Eun Kwak is reinstated, and the order is modified accordingly.
 

 The defendants met their prima facie burden of showing that the plaintiff Hyo Eun Kwak (hereinafter the appellant) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the appellant’s spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).
 

 In opposition, however, the appellant raised a triable issue of fact as to whether she sustained a serious injury to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint insofar as asserted by the appellant.
 

 Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.