Garcia v McMahon's Farm, Inc. (2019 NY Slip Op 02316)





Garcia v McMahon's Farm, Inc.


2019 NY Slip Op 02316


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-09954
 (Index No. 63334/15)

[*1]Aljer Garcia, appellant, 
v
McMahon's Farm, Inc., et al., respondents.


Subin Associates, LLP, New York, NY (Lee M. Huttner, Julie T. Mark, and Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Dodge & Monroy, P.C., Lake Success, NY (Mark T. Scopinich of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 15, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on April 23, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court