Kelly v Andrew (2019 NY Slip Op 03578)





Kelly v Andrew


2019 NY Slip Op 03578


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-11512
 (Index No. 17597/13)

[*1]Berginda Kelly, appellant, 
v
Jerome A. Andrew, et al., respondents.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Jamie E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent Jerome A. Andrew.
Bamundo, Zwal & Schermerhorn, LLP, New York, NY (Edward W. Chen of counsel), for respondents Abdourahmane Bah and Comfort Tarlve.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated August 9, 2017. The order granted the motion of the defendants Abdourahmane Bah and Comfort Tarlve, and the separate motion of the defendant Jerome A. Andrew, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on June 15, 2012. Thereafter, the defendants Abdourahmane Bah and Comfort Tarlve moved, and the defendant Jerome A. Andrew separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The defendants relied on, inter alia, the affirmed report of an orthopedic surgeon who examined the plaintiff on June 17, 2015. The orthopedic surgeon measured the range of motion of the lumbar region of the plaintiff's spine and, in comparing those results to what would be considered normal range of motion, he found no limitation in the plaintiff's range of motion. In opposition, the plaintiff submitted, inter alia, the affirmed report of a neurologist who examined the plaintiff on July 7, 2016. The neurologist measured the range of motion of the lumbar region of the plaintiff's spine and, in comparing those results to what would be considered normal range of motion, found a 22% deficit in the flexion of the lumbar region of the plaintiff's spine, but otherwise found the results to be normal. The Supreme Court granted the defendants' [*2]separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals, arguing that a triable issue of fact exists as to whether she sustained a serious injury to the lumbar region of her spine under the significant limitation of use category of Insurance Law § 5102(d).
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Kholdarov v Hyman, 165 AD3d 1087, 1088). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under the significant limitation of use category of Insurance Law § 5102(d) (see Kholdarov v Hyman, 165 AD3d at 1088; Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the significant limitation of use category of Insurance Law § 5102(d) (see Kholdarov v Hyman, 165 AD3d at 1088).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court