Burton v Walcott (2019 NY Slip Op 05642)





Burton v Walcott


2019 NY Slip Op 05642


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-12545
 (Index No. 11797/13)

[*1]Arvin Burton, appellant,
v Alfred D. Walcott, respondent, et al., defendants.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 15, 2017. The judgment, insofar as appealed from, upon an order of the same court entered October 18, 2016, granting the motion of the defendant Alfred D. Walcott for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant Alfred D. Walcott and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Alfred D. Walcott, the motion of the defendant Alfred D. Walcott for summary judgment dismissing the complaint insofar as asserted against him is denied, and the order entered October 18, 2016, is modified accordingly.
The plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained in a motor vehicle accident on November 30, 2012. The defendant Alfred D. Walcott (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered October 18, 2016, the Supreme Court granted the motion. The court entered a judgment on August 15, 2017, inter alia, dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
On appeal, the plaintiff does not dispute the Supreme Court's determination that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352; Gaddy v Eyler, 79 NY2d 955, 956-957).
However, the plaintiff correctly contends that he raised a triable issue of fact as to whether, as a result of the accident, he sustained a serious injury to the cervical region of his spine [*2]under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 219; Estrella v GEICO Ins. Co., 102 AD3d 730, 731-732). The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court