Singh v Singh (2020 NY Slip Op 00887)





Singh v Singh


2020 NY Slip Op 00887


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-05829
 (Index No. 706628/15)

[*1]Amanda Singh, appellant, 
v
Lela Singh, respondent, et al., defendants.


Melucci Firm, P.C., Garden City, NY (Daniel Melucci of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Kimberly A. Sofia of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 29, 2018. The order, insofar as appealed from, granted the motion of the defendant Lela Singh for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Lela Singh for summary judgment dismissing the complaint insofar as asserted against her is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on June 27, 2012. The defendant Lela Singh (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order entered March 29, 2018, the Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). She submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Hopper v Burgos, 174 AD3d 865, 865; Staff v Yshua, 59 AD3d 614). However, in opposition, the plaintiff raised a triable issue of fact as to whether the alleged injury constituted a serious injury under these categories (see Perl v Meher, 18 NY3d 208, 218-219; Hopper v Burgos, 174 AD3d at 865).
Further, since the defendant failed to establish, prima facie, a lack of causation, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation (see Pommells v Perez, 4 NY3d 566, 577-578; Hopper v Burgos, 174 AD3d at 865).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court