Isidor v Banks (2022 NY Slip Op 04793)

Isidor v Banks

2022 NY Slip Op 04793

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-05636
 (Index No. 613219/18)

[*1]Caz Isidor, respondent,
v
Gail Banks, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Harmon, Linder & Rogowsky, New York, NY (Jennifer R. Snider of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated April 23, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on January 30, 2017. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
In an order dated April 23, 2020, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging that the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the subject accident, and denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident. The defendant appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine and his left shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of [*2]Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the lumbar region of his spine and his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Since the defendant's expert conceded that the alleged injuries to the lumbar region of the plaintiff's spine and his left shoulder were caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see Cortez v Nugent, 175 AD3d 1383, 1384).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging that the plaintiff sustained serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court