Zanni v Knutson (2022 NY Slip Op 07261)

Zanni v Knutson

2022 NY Slip Op 07261

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-04096
 (Index No. 603871/17)

[*1]Michael Zanni, appellant, 
v
Anneliese Knutson, et al., respondents.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Dominic DiPrisco of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Erica L. Ingebretsen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Fernando M. Camacho, J.), dated May 4, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on October 5, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 4, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). However, in opposition, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218).
Since the defendants' expert conceded that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were caused by the accident, the burden never shifted to the plaintiff to raise a triable issue of fact regarding causation, or to explain any gap in treatment (see [*2]Pommells v Perez, 4 NY3d 566, 572; Cortez v Nugent, 175 AD3d 1383, 1384).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court