H. F. v Lisker (2023 NY Slip Op 00985)

H. F. v Lisker

2023 NY Slip Op 00985

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2019-11621
 (Index No. 638/16)

[*1]H. F., etc., et al., respondents,
v
Zipora Lisker, et al., appellants.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 12, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries that the infant plaintiff allegedly sustained when she was struck by the defendants' vehicle on March 21, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. By order dated June 12, 2019, the Supreme Court denied the motion. The defendants appeal.
The defendants met their prima facie burden of demonstrating that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the infant plaintiff's head and brain were not caused by the accident (see Perl v Meher, 18 NY3d 208, 218-219; Wettstein v Tucker, 178 AD3d 1121, 1122). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the alleged injuries to the infant plaintiff's head and brain were caused by the accident.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court