Rodriguez v Collaguazo (2023 NY Slip Op 03254)

Rodriguez v Collaguazo

2023 NY Slip Op 03254

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-04406
 (Index No. 710386/18)

[*1]Ricardo Rodriguez, Jr., et al., appellants, 
v
Angel Collaguazo, respondent.

Andrew Park, P.C., New York, NY, for appellants.
Nancy L. Isserlis (The Zweig Law Firm P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered May 26, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered May 26, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
In opposition to the defendant's prima facie showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Staff v Yshua, 59 AD3d 614), the plaintiffs raised a triable issue of fact as to whether they each sustained a serious injury to the lumbar regions of their spines based upon permanent consequential limitation of use or significant limitations of range of motion (see Perl v Meher, 18 NY3d 208).
In light of that determination, we need not reach the defendant's contention with respect to the plaintiffs' claims that during the 180-day period following the accident, the plaintiffs did not have an injury or impairment which, for at least 90 days, prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities (see Alexandre v Neptune, 214 AD3d 759).
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court