Mitchell v A & A Tr., Inc. (2024 NY Slip Op 04461)

Mitchell v A & A Tr., Inc.

2024 NY Slip Op 04461

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-01165
 (Index No. 519506/19)

[*1]Ebony Blondnita Juandel Mitchell, appellant,
v
A & A Transit, Inc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 31, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 31, 2022, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted, among other things, a report of an orthopedic expert, who conducted a physical examination of the plaintiff and measured her range of motion using a goniometer, an objective test instrument. The report established, prima facie, that the alleged injuries to the plaintiff's left shoulder and the cervical, thoracic, and lumbar regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact (see Wettstein v Tucker, 178 AD3d 1121). The report of the plaintiff's expert was insufficient to raise a triable issue of fact, as the expert failed to identify the method used to measure the plaintiff's range of motion in his report (see Gonzalez v Cohn, 224 AD3d 667; Gersbeck v Cheema, 176 AD3d 684, 686).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
We need not reach the parties' remaining contentions in light of our determination.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court